FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2013 JAN 29  AM 11: 10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

DIGITAL SATELLITE CONNECTIONS, LLC, and )
KATHY KING )
       Plaintiff, )
        )
       v. ) CASE NO. 5:13-cv-47-0c-22PRL
        )
        )
DISH NETWORK CORPORATION, ) JURY TRIAL REQUESTED
DISH NETWORK, LLC, )
DISHNET SATELLITE BROADBAND, LLC, )
       Defendants. )

**COMPLAINT**
**FOR INJUNCTIVE RELIEF AND DAMAGES**

DIGITAL SATELLITE CONNECTIONS, LLC, ("Dishnet"), for its claims

against DISH NETWORK CORPORATION, ("Dish Network Corporation"), DISH

NETWORK, LLC ("Dish Network"), and DISHNET SATELLITE BROADBAND,

LLC, ("Dishnet Satellite Broadband"), states: the DISHNET mark, registered in Florida,

has been used in commerce by Dishnet throughout the United States.  The use of the

DISHNET mark by Dishnet's and/or its predecessors in interest commenced on or before

June 1, 1999 and has been continuous up to and including the present.  Defendants have

knowingly and willfully infringed upon this mark -- long-held and widely used by

Dishnet -- by using it in commerce and attempting to register it with the United States

Patent and Trademark Office.  Defendants have further committed contributory

infringement by causing others to infringe upon the DISHNET mark.

Defendants have long known that DISHNET is a trademark of Dishnet, and their

infringement is willful and this case is exceptional.

## PARTIES

1.  Dishnet is a Florida limited liability company whose principal place of business is located in Dunnellon, Florida.

2.  Kathy King ("King") is an individual residing in Dunnellon, Florida.

3.  Upon information and belief, Dish Network Corporation is a Colorado corporation, with its principal place of business located in Englewood, CO.

4.  Upon information and belief, Dish Network is a Colorado corporation, with its principal place of business located in Englewood, CO.

## JURISDICTION AND VENUE

5.  This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121(a), 28 U.S.C. §§1331, 1332, and 1338(a).

6.  This court has personal jurisdiction over the Defendants due to their acts of direct and/or contributory trademark infringement and other unlawful acts which have caused injury in this district to Dishnet and its DISHNET trademark and to King.

7.  Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

### A.  DISHNET AND ITS RIGHTS IN THE MARK

8.  Dishnet has sold and/or sells to the public entertainment programming, internet and cellular services from various sources including Dish Network, DirectTV, EarthLink and other communications / programming wholesalers.

9.  Dishnet is the owner of all rights, title and interest in and to the mark DISHNET, which has been registered in the state of Florida as follows:

| Registration No. | Class | Services |
|---|---|---|
| L12000162008 | Service Mark | Communication services, Internet access services and Sales of television communications programming |

10. Dishnet owns and operates the dishnet.com website where it uses the DISHNET mark in connection with communication services, internet access services and sales of television communications programming.

11. Representative content from Dishnet's website at dishnet.com is:



12. Dishnet is the owner and user of the mark DISHNET, having been assigned all right title and interest in such mark, and all goodwill associated therewith, and the dishnet.com domain name, by its predecessor in interest.

13. The DISHNET mark has been in continuous use in interstate commerce by Dishnet and/or its predecessor in interest since June 1, 1999 or earlier.

14.   As a result of the continuous use of the DISHNET mark referred to above, the DISHNET mark has been identified associated with Dishnet with respect to communication services, internet access services and sales of television communications programming.

15.   The DISHNET mark is well-known and famous throughout the United States and associated by the public with Dishnet.

16.   Dish Network Corporation, Dish Network and Dishnet Satellite Broadband  have known about Dishnet and/or its predecessor in interest and their use of the DISHNET mark dating back to at least 1999.

17.   Dishnet began selling DishTV programming in the 1990s. Dishnet has also been one of the largest installers of satellite dishes in the Southeast.

18.   Dishnet has offered entertainment programming, internet and cellular services from various sources including Dish Network, DirectTV, EarthLink and other communications / programming wholesalers.

19.   Upon information and belief, Dishnet has been Dish Network's third largest retailer in the country.

20.   Dishnet estimates that Dish Network has generated over $9,000,000 per year in revenues from Dishnet's customers.

21.   Dishnet has not licensed or authorized any of the Defendants to directly use or contributorily permit the use of the DISHNET mark.

**B.    DEFENDANTS' WRONGFUL ACTIONS**

22.   Defendants have no consent, license or approval or other authorization from Dishnet to use, directly or indirectly, or by action in concert with any direct

4

trademark infringer, the DISHNET mark in association with communication services, internet access services and sales of television communications programming.

23.   Defendants have adopted and used the DISHNET mark with the willful intent to cause confusion and mistake and to deceive consumers as to the affiliation, connection or association of Dish Network Corporation, Dish Network and Dishnet Satellite Broadband to the DISHNET mark and to Dishnet.

24.   Defendants know or had reason to know that they were infringing upon Dishnet's trademark and causing damage to Dishnet.

## C.   THE EXCEPTIONAL NATURE OF THIS CASE

25.   Defendants began filing a large number of new trademark applications in 2012, including two intent-to-use applications for the mark DISHNET for Internet services.  Those applications were signed by Max Gratton and include the statement that "no other person, firm, corporation, or association has the right to use the mark in commerce . . . ."

26.   Upon information and belief, Defendants are, together and/or separately, extremely sophisticated and experienced consumers of intellectual-property matters, having had ownership of more than 1,100 domain names.

27.   Upon information and belief, Defendants together and/or separately, currently own approximately 600 domain names.

28.   Upon information and belief, Defendants together and/or separately, recently applied to register 13 Top Level Domain Names.  Each application had a $185,000 filing fee for a total of $2,405,000.

29.  Upon information and belief, Defendants together and/or separately, have recently spent millions of dollars purchasing domain names from others, trademarks from others, in addition to applying for new trademark applications and top level domains.

30.  On September 26, 2012, Defendants together and/or separately issued a press release to announce their new "DISHNET" offering.  In this press release, one or all falsely implied they owned the dishnet.com domain name, stating, "Satellite broadband service includes five @dishNET.com email accounts, each with 2 GB of storage . . . ."

## COUNT I
## DEMAND FOR PRELIMINARY AND PERMANENT INJUNCTION
## PURSUANT TO 15 U.S.C. §§ 1116, 1117, 1118, and 1125

31.  Dishnet incorporates all previous paragraphs of this Complaint.

32.  Dishnet has a reasonable likelihood of succeeding on the merits of the claims asserted herein against Defendants.

33.  Without the immediate entry of a preliminary and permanent injunction prohibiting the continued wrongful acts of Defendants, Dishnet will suffer irreparable harm and will have no adequate remedy at law.

34.  In addition, the unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove, and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

## COUNT II
### TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1125

35.    Dishnet incorporates all previous paragraphs of this Complaint.

36.    Defendants' unlawful actions constitute an unlawful use in commerce, without the consent of Dishnet, of a reproduction, counterfeit, copy or colorable imitation of Dishnet's DISHNET mark which is likely to cause confusion and mistake and to deceive, all in willful violation of 15 U.S.C. §1125.

37.    Defendants' unlawful actions have caused and continue to cause Dishnet irreparable harm for which there is no adequate remedy at law.  Such irreparable harm will continue until and unless their unlawful activities are preliminarily and permanently enjoined.

38.    In addition, the unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove, and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

## COUNT III
### FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTIONS, AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)

39.    Dishnet incorporates all previous paragraphs of this Complaint.

40.    Defendants' unlawful actions have caused and will continue to cause confusion and mistake and to deceive as to the affiliation, connection, or association of Defendants with Dishnet and its trademark and domain name, as to the origin, sponsorship, or approval of Defendants' services and commercial activities, all in

willful violation of 15 U.S.C. § 1125(a) until and unless their unlawful actions are preliminarily and permanently enjoined immediately.

41.  Defendants' unlawful actions have caused and continue to cause Dishnet irreparable harm for which there is no adequate remedy at law.  Such irreparable harm will continue until and unless their unlawful activities are preliminarily and permanently enjoined.

42.  In addition, the unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

**COUNT IV**
**TRADEMARK INFRINGEMENT UNDER FLORIDA STATUTORY LAW**

43.  Dishnet incorporates all previous paragraphs of this Complaint.

44.  Defendants' unlawful actions have caused and will continue to cause confusion and mistake and to deceive as to the affiliation, connection, or association of Defendants with Dishnet and its trademark, as to the origin, sponsorship, or approval of Defendants' services and commercial activities, all in willful violation of Florida statutory law until and unless their unlawful actions are preliminarily and permanently enjoined immediately.

45.  Dishnet has registered its DISHNET mark with the State of Flordia.

46.  Defendants' actions constitute infringement if Dishnet's Florida Trademark Registration under Florida Statute Title XXXIII Chapter 495.131.

47. The unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove, and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

## COUNT V
## TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW

48. Dishnet incorporates all previous paragraphs of this Complaint.

49. Defendants' unlawful actions are likely to cause confusion, and to cause mistake and to deceive as to the affiliation, connection, or association of Defendants with Dishnet as to the origin, sponsorship, or approval of Defendants' services and commercial activities, thereby willfully infringing Dishnet's common law rights in and to the DISHNET mark.

50. Defendants' unlawful actions have caused and continue to cause Dishnet irreparable harm for which there is no adequate remedy at law. Such irreparable harm will continue until and unless their unlawful activities are preliminarily and permanently enjoined.

51. The unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove, and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

## COUNT VI
## CONTRIBUTORY TRADEMARK INFRINGEMENT

52. Dishnet incorporates all previous paragraphs of this Complaint.

9

53.    Dish Network Corporation, Dish Network and Dishnet Satellite Broadband know or had reason to know that each was infringing Dishnet's trademark for the purpose of realizing profit.

54.    Dish Network Corporation, Dish Network and Dishnet Satellite Broadband have willfully contributed to the infringement of the DISHNET trademark by causing others, such a Defendants' reseller and retailers, to display or otherwise use the the DISHNET mark without Dishnet's permission and thereby infringe the mark for the purpose of realizing profit.

55.    Defendants' unlawful actions have caused and continue to cause Dishnet irreparable harm for which there is no adequate remedy at law.  Such irreparable harm will continue until and unless their unlawful activities are preliminarily and permanently enjoined.

56.    The unlawful conduct of Defendants has caused and will continue to cause Dishnet damages in an amount that Dishnet will prove, and such damages shall continue to accrue unless and until their unlawful conduct is immediately enjoined and prohibited.

## COUNT VIII
## BREACH OF CONTRACT

57.    Dishnet incorporates all previous paragraphs of this Complaint.

58.    King has had an agreement with Dish Network whereby Dish Network agreed to pay King amounts resulting from King's referring some of its customers to Dish Network.

59.    Dish Network has failed to pay King amounts owing pursuant to the agreement.

10

60.   King has been damaged by Dish Network's failure.

61.   Dish Network's failure to pay King constitutes breach of contract.

WHEREFORE, Dishnet and King request that the Court enter Judgment in favor of Dishnet and King, and against Defendants, as follows:

    A.  A temporary injunction against any use of the DISHNET mark;

    B.  A permanent injunction against any use of the DISHNET mark;

    C.  Attorneys' fees and costs;

    D.  All profits derived by Defendants or the persons or entities they encouraged to infringe reason of the infringement;

    E.  Actual or treble damages for the willful and exceptional improper usage of Dishnet's intellectual property;

    F.  Award King damages for Dish Network's breach of contract;

    G.  All other just and proper relief.

## REQUEST FOR TRIAL BY JURY

Dishnet and King respectfully request that all issues so triable be tried by and before a jury.

Respectfully submitted,



_____

Paul B. Overhauser
Overhauser Law Offices, LLC
740 W. Green Meadows Dr.
Suite 300
Greenfield, IN  46140
Telephone:  (317) 891-1500
poverhauser@overhauser.com

*Attorney for the Plaintiffs, Digital Satellite Connections, LLC and Kathy King*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DIGITAL SATELLITE CONNECTIONS, LLC, et al. | DISH NETWORK CORPORATION, et al. |

| **(b)** County of Residence of First Listed Plaintiff  Marion Co., Florida | County of Residence of First Listed Defendant  Arapahoe Co, Colorado |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Paul B. Overhauser, OVERHAUSER LAW OFFICES LLC<br>740 West Green Meadows Drive, Suite 300, Greenfield IN 46140<br>Phone: (317) 891-1500 | Attorneys *(If Known)*<br>Unknown. |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
         Plaintiff

☒ 3  Federal Question
         *(U.S. Government Not a Party)*

☐ 2  U.S. Government
         Defendant

☐ 4  Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
         Proceeding

☐ 2  Removed from
         State Court

☐ 3  Remanded from
         Appellate Court

☐ 4  Reinstated or
         Reopened

☐ 5  Transferred from
         Another District
         *(specify)*

☐ 6  Multidistrict
         Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
28 U.S.C. §§1331, 1332, and 1338(a); injunctive relief and damages.

## VII. REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A CLASS ACTION
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:     ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                            DOCKET NUMBER

DATE
1-28-13

SIGNATURE OF ATTORNEY OF RECORD
(B)

FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE