**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02934-REB-CBS

DIGITAL SATELLITE CONNECTIONS, LLC, and,
KATHY KING,

    Plaintiffs,

v.

DISH NETWORK CORPORATION,
DISH NETWORK, LLC, and
DISHNET SATELLITE BROADBAND, LLC,

    Defendants.

## ORDER GRANTING MOTION TO VACATE

**Blackburn, J.**

This matter is before the court on the **Defendants' Motion To Vacate the November 3 Trial Date** [#201][1] filed October 27, 2014.  The plaintiffs filed a response [#205], and the defendants/counterclaim plaintiffs filed a reply [#206].  I grant the motion.

The claims remaining in this case are the counterclaims asserted by the defendants/counterclaim plaintiffs, Dish Network Corporation, Dish Network, LLC, and Dishnet Satellite Broadband, LLC (collectively "Dish").  The counterclaims include a claim of breach of contract and claims in the nature of trademark infringement.  In a previous order [#196], the court granted summary judgment to Dish on the first three elements if its breach of contract claim.

---

[1] "[#201]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Dish contends this case can be resolved fully if the court addresses and resolves its claim for specific performance of the contract at issue. Dish says it will drop its counterclaims asserting claims in the nature of trademark infringement If it is granted specific performance of the contract.  The counterclaim defendants, Digital Satellite Connections, LLC and Kathy King, contend they are entitled to a trial on the affirmative defenses they assert in response to the breach of contract claim.  One of those affirmative defenses, waiver, presents a legal issue triable to a jury.

Having addressed and resolved the summary judgment motions of the parties, the court is familiar with much of the evidence in this case.  I conclude that the issues related to the claim of Dish for specific performance and the affirmative defenses asserted in response to that claim likely can be resolved most efficaciously on dispositive motions rather than at a trial.  In the unlikely event these issues cannot be fully resolved on dispositive motions, such motions will, at minimum, permit the court to narrow and focus the issues which may necessitate a trial to the court and/or a trial to a jury. Consistent with FED. R. CIV. P. 1, this approach helps to achieve "the just, speedy, and inexpensive determination" of the remaining issues in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion To Vacate the November 3 Trial Date** [#201] filed October 27, 2014, is **GRANTED**;

2. That the combined Pretrial Conference and Trial Preparation Conference set Friday, October 31, 2014, at 3:00 p.m. are **VACATED** and **CONTINUED** without date pending further order;

3. That the jury trial set to commence Monday, November 3, 2014, is **VACATED** and **CONTINUED** without date pending further order;

4. That by November 10, 2014, the counterclaim plaintiffs, Dish Network Corporation, Dish Network, LLC, and Dishnet Satellite Broadband, LLC, **SHALL FILE** a motion for summary judgment addressing its claim for specific performance and the affirmative defenses to that claim asserted by the counterclaim defendants, Digital Satellite Connections, LLC and Kathy King;

5. That by November 10, 2014, the counterclaim defendants, Digital Satellite Connections, LLC and Kathy King, may file a cross motion for summary judgment addressing the claim for specific performance asserted by Dish and the affirmative defenses to that claim asserted by the counterclaim defendants; and

6. That responses and replies to such motions shall be marshaled under D.C.COLO.LCivR 7.1(d).

Dated October 29, 2014, at Denver, Colorado.

                                          **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge