**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02934-REB-CBS

DIGITAL SATELLITE CONNECTIONS, LLC, and,
KATHY KING,

    Plaintiffs,

v.

DISH NETWORK CORPORATION,
DISH NETWORK, LLC, and
DISHNET SATELLITE BROADBAND, LLC,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

**Blackburn, J.**

The matter before me is the **Plaintiffs' Motion for Reconsideration of Summary Judgment Ruling** [#211][1] filed November 10, 2014. The defendant filed a response [#213], and the plaintiffs filed a reply [#215]. I deny the motion.

## I. STANDARD OF REVIEW

The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been

---

[1] "[#211]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

## II. BACKGROUND

On October 20, 2014, I entered an order [#196] concerning cross motions for summary judgment filed by the parties. In their present motion, the plaintiffs seek reconsideration of certain rulings in that order.

In the order, I granted the motion for summary judgment of the defendants on claims one through six of the plaintiffs. *Order* [#196], pp. 8 - 9. Each of these trademark claims failed because the plaintiffs failed to prove that DISHNET is a trademark owned by one or both of the plaintiffs. In addition, I granted summary judgment on the breach of contract claim of the plaintiffs because all claims based on the breaches alleged by the plaintiffs are barred under the terms of the relevant contracts. All of the claims asserted by the plaintiffs in their complaint were resolved against the plaintiffs in the order [#196].

In addition, I granted the motion for summary judgment of the defendants concerning certain of its counterclaims. Specifically, I granted summary judgment on the first three elements of the breach of contract counterclaim. *Order* [#196], p, 10. Those elements are (1) the existence of a contract; (2) performance by the party claiming breach; and (3) failure to perform by the other party. Generally, the trademark claims and counterclaims of the parties hinge on the December 13, 2010, Dish Network Retailer Agreement between the plaintiffs and the defendants. In

addition, I granted the motion for summary judgment of the defendants on the first two elements of their trademark claims. Those elements are (1) that Dish Network, LLC and affiliates own a protectable trademark, DISHNET; and (2) that Dish Network, LLC and affiliates have used and are using that mark in connection with goods or services.

### III.  ANALYSIS

In their present motion, the plaintiffs contend my order [#196] on the motions for summary judgment contains manifest errors of law and fact. As noted by the plaintiffs, the lynchpin of my summary judgment order is the conclusion that plaintiff, Digital Satellite Connections (DSC), "as a sole proprietorship operated by [plaintiff] Kathy King, executed a Dish Network Retailer Agreement which became effective as of December 31, 2010." *Order* [#196], p. 4. Focused myopically, but improperly, on the question of whether Kathy King herself executed the agreement, the plaintiffs contend I concluded erroneously that there are no disputed issues of material fact about whether Kathy King entered into the 2010 agreement. The evidence cited in the summary judgment order [#196] indicates clearly that agents of DSC executed the agreement, and Kathy King knew of that fact. Ms. King has stated under oath that she has no reason to dispute the contention that Dish and DSC electronically accepted the terms and conditions of the agreement. The additional evidence cited in the response [#213] of the defendants to the instant motion further buttresses this position.

Even with a second bite at the apple, the plaintiffs have not shown that there is a disputed issue of material fact concerning execution of the 2010 agreement by DSC, with the knowledge of Kathy King. The plaintiffs have not shown any basis for

reconsideration of my ruling on this issue in the summary judgment order [#196]. The lynchpin of that order, the undisputed fact that Kathy King doing business as DSC executed the 2010 agreement, remains firmly in place.

The plaintiffs challenge also my ruling denying their motion for summary judgment on their trademark related claims. In addition, they challenge my ruling that the defendants are entitled to summary judgment on certain elements of their trademark infringement counterclaims. Specifically, (1) that Dish Network, LLC and affiliates own a protectable trademark, DISHNET; and (2) that Dish Network, LLC and affiliates have used and are using that mark in connection with goods or services.

The plaintiffs claim there is no evidence that the defendants made a proper request to the plaintiffs for transfer of the DISHNET trademark, as required by the agreement. The plaintiffs seek to apply the notice provision of the Dish Network Retailer Agreement, paragraph 17.10.2. Exhibit 7 [#100-3] [filed under restriction], CM/ECF pp. 2 - 33 (Retailer Agreement). The Retailer Agreement refers to and includes a separate Trademark License Agreement. Exhibit 7 [#100-3] [filed under restriction], CM/ECF pp. 34 - 40 (Trademark License Agreement). The Trademark License Agreement provides that a retailer "shall immediately upon the request of DISH, Assign to Dish or its designated affiliate" any trademark rights subject to the agreement. *Id.*, ¶ 6.

The plaintiffs contend evidence submitted by the defendants of repeated telephone conversations between DISH representatives and Ms. King in which DISH requested and demanded that she transfer the DISHNET.COM domain name to DISH are not valid evidence of a request required by the agreement. Why? Because

evidence of such conversations is hearsay, the plaintiffs contend. *Reply* [[#215], p. 1. Evidence of requests made to Ms. King properly may be offered to show the request was made, as opposed to showing the truth of a statement made as part of the request. For this purpose, evidence of a request is not hearsay as defined by Fed. R. Evid. 801(c) because is not offered to prove the truth of a statement made as part of the request.

In addition, the defendants contend the first written demand made by DISH is not valid because it was not made until after the 2010 Retailer Agreement and Trademark License Agreement expired on December 31, 2012. This is yet another dead-end for the plaintiffs. Explicitly, the right of the defendants to enforce many terms of the Trademark License Agreement survives expiration of the Retailer and Trademark License Agreements. *Trademark License Agreement*, Exhibit 7 [#100-3] [filed under restriction], CM/ECF pp. 36 - 37, ¶¶ 6, 7, 12.

Assuming incorrectly that they have vitiated evidence showing valid execution of the Retailer and Trademark License Agreements and the effectiveness of the terms of those agreements after some portions expired, the plaintiffs contend my summary judgment rulings concerning the trademark claims of the parties contain manifest errors of law and fact. The contention of the plaintiffs is incorrect. The evidence in the record demonstrates without dispute the terms of the Retailer and Trademark License Agreements and the execution of those agreements by Kathy King dba DSC. Under the terms of those agreements, the defendants are entitled to the use and ownership of the trademarks and domain names at issue.

## IV.  CONCLUSION & ORDER

The plaintiffs have not demonstrated any basis for reconsideration of my order [#196] on the motions for summary judgment. Thus, the motion to reconsider should be denied.

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion for Reconsideration of Summary Judgment Ruling** [#211] filed November 10, 2014, is denied.

Dated September 22, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge