**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02934-REB-CBS

DIGITAL SATELLITE CONNECTIONS, LLC, and,
KATHY KING,

      Plaintiffs,

v.

DISH NETWORK CORPORATION,
DISH NETWORK, LLC, and
DISHNET SATELLITE BROADBAND, LLC,

      Defendants.

---

## ORDER FOR ENTRY OF JUDGMENT

---

**Blackburn, J.**

      This matter is before me *sua sponte*.  Previously, I entered three orders [#196, #220, #246][1] addressing the motions for summary judgment of counterclaim plaintiff Dish Network, LLC.  The motions for summary judgment concern Counterclaim I, a claim for breach of contract.  In those three orders, I granted summary judgment in favor of Dish Network, LLC against the counterclaim defendants, Digital Satellite Connections, LLC (DSC) and Kathy King as to Counterclaim I.  In addition, I entered orders requiring DSC and Ms. King to specifically perform certain obligations they have under a contract between Dish Network, LLC and Ms. King.  *Retailer & trademark agreements* [#100-3].

---

[1]   "[#196]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

All the claims asserted by DSC and Ms. King against the defendants were resolved in favor of the defendants when I granted the defendants' motion for summary judgment as to each of the claims of the plaintiffs. *Order* [#196].   In addition, I have granted summary judgment in favor of Dish Network, LLC as to each of the defenses and affirmative defenses asserted by DSC and Ms. King in response to Counterclaim I, the breach of contract claim of Dish Network, LLC.  In an order entered concurrently with this order, I have dismissed Counterclaims II through X, as asserted by the defendants.

The orders summarized above resolve all of the claims, counterclaims, and affirmative defenses asserted in this case, with one exception.  Counterclaim I, the breach of contract claim, remains unresolved as to counterclaim plaintiff Dishnet Satellite Broadband, LLC.  Both Dish Network, LLC and Dishnet Satellite Broadband, LLC are named as counterclaim plaintiffs. *Answer* [#5], p. 15.  In granting summary judgment on Counterclaim I, I granted summary judgment and an order of specific performance in favor of Dish Network, LLC, the entity that is a party to the relevant contract. *Order* [#220], pp. 17 - 18; *Order* [#246], pp. 11 - 12.  Notably, Dishnet Satellite Broadband, LLC is not a party to the contracts that are the basis for Counterclaim I, the breach of contract counterclaim. *Retailer & trademark agreements* [#100-3].  Nothing in the now voluminous record of this case tends to show that Dishnet Satellite Broadband, LLC somehow is a third-party beneficiary to the operative contract.

In short, the record of this case shows Dishnet Satellite Broadband, Inc. does not have standing to assert a breach of contract claim against DSC and Ms. King based on the contract that is the basis for Counterclaim I.  To satisfy the jurisdictional requirement of constitutional standing, a plaintiff must allege that it has suffered an injury in fact, that

the injury is fairly traceable to the action of the defendants, and that the injury may be redressed by a favorable decision from the court. ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560–61 (1992).  As an entity that is not a party to the contract at issue in Counterclaim I, Dishnet Satellite Broadband, Inc. has not alleged that it suffered an injury in fact caused by the breach of contract committed by Ms. King.  Therefore, I dismiss Counterclaim I as to Dishnet Satellite Broadband, Inc.

With all claims resolved as to all parties to this case, I now direct that final judgment enter in this case.  However, the court retains jurisdiction to enforce compliance with its orders in this case.

**THEREFORE, IT IS ORDERED** as follows:

1.  That based on the orders docketed as [#196, #220, & #246], judgment shall enter in favor of Dish Network, LLC against Kathy King and Digital Satellite Connections, LLC on the breach of contract counterclaim asserted by Dish Network, LLC in its answer [#5] at p. 28, designated as Counterclaim I;

2.  That the judgement shall include an order of specific performance in favor of Dish Network, LLC and against Kathy King and Digital Satellite Connections, LLC requiring Kathy King and Digital Satellite Connections, LLC to specifically perform their obligations under the 2010 Retailer Agreement and Trademark License Agreement, as specified below:

**(a)** Kathy King and anyone acting in concert with and under the control of Kathy King are permanently enjoined from use of the DISHNET trademark and the DISH and DISH NETWORK trademarks;

**(b)** Digital Satellite Connections, LLC, its members, and anyone acting in concert with and under the control of Digital Satellite Connections, LLC or

3

one or more of its members are permanently enjoined from use of the

DISHNET trademark and the DISH and DISH NETWORK trademarks;

**(c)** Kathy King and anyone acting in concert with and under the control of

Kathy King shall immediately abandon any application she or they may

have pending before the United States Patent and Trademark Office

seeking rights to use the DISHNET trademark and the DISH and DISH

NETWORK trademarks;

**(d)**  Digital Satellite Connections, LLC, its members,  and anyone acting in

concert with and under the control of Digital Satellite Connections, LLC or

one or more of its members shall immediately abandon any application it

or they may have pending before the United States Patent and Trademark

Office seeking rights to use the DISHNET trademark and the DISH and

DISH NETWORK trademarks;

**(e)** Kathy King and anyone acting in concert with and under the control of

Kathy King shall immediately abandon any opposition she or they may

have pending before the United States Patent and Trademark Office

opposing an application by any of the defendants to secure the right to

use the DISHNET trademark and the DISH and DISH NETWORK

trademarks;

**(f)** Digital Satellite Connections, LLC, its members, and anyone acting in

concert with and under the control of Digital Satellite Connections, LLC or

one or more of its members shall immediately abandon any opposition it

or they may have pending before the United States Patent and Trademark

Office opposing an application by any of the defendants to secure the right

to use the DISHNET trademark and the DISH and DISH NETWORK trademarks;

**(g)** Immediately, Kathy King and anyone acting in concert with and under the control of Kathy King shall transfer to Dish Network, LLC the domain names dishnet.com, dishnetworks.com, dishnetworksatellite.com, dishnet500.com, and any other domain names containing the DISH, DISH NETWORK, or DISHNET trademarks; and

**(h)** Immediately, Digital Satellite Connections, LLC, its members, and anyone acting in concert with and under the control of Digital Satellite Connections, LLC or one or more of its members shall transfer to Dish Network, LLC the domain names dishnet.com, dishnetworks.com, dishnetworksatellite.com, dishnet500.com, and any other domain names containing the DISH, DISH NETWORK, or DISHNET trademarks;

3.  That judgment shall enter in favor of Dish Network, LLC against Kathy King and Digital Satellite Connections, LLC on all of the defenses and affirmative defenses asserted by Kathy King and Digital Satellite Connections, LLC in response to the breach of contract counterclaim of Dish Network, LLC;

4.  That judgment shall enter in favor of Dish Network Corporation, Dish Network, LLC, and Dishnet Satellite Broadband, LLC and against Kathy King and Digital Satellite Connections, LLC on all claims asserted by Kathy King and Digital Satellite Connections, LLC in their complaint [#3];

5.  That the breach of contract counterclaim asserted by Dishnet Satellite Broadband, LLC in its answer [#5] at p. 28 is dismissed for failure to satisfy the jurisdictional requirement of constitutional standing;

6.  That based on my **Order Granting Motion to Amend** [#270], the counterclaims of Dish Network, LLC and Dishnet Satellite Broadband, LLC designated as Counterclaims II, III, IV, and VI are dismissed without prejudice;

7.  That based on my **Order Granting Motion to Amend** [#270], the counterclaims of Dish Network, LLC and Dishnet Satellite Broadband, LLC designated as Counterclaims V, VII, VIII, IX, and X are dismissed with prejudice;

8.  That this court specifically retains jurisdiction to enforce compliance with its orders in this case;

9.  That the counterclaim plaintiffs, Dish Network, LLC and Dishnet Satellite Broadband, LLC, are awarded their costs, to be taxed by the clerk of the court in the time and manner specified by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

10.  That this case is closed.

Dated March 23, 2017, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge