IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 13-cv-02934-REB

DIGITAL SATELLITE CONNECTIONS, LLC, and,
KATHY KING,

    Plaintiffs,

v.

DISH NETWORK CORPORATION,
DISH NETWORK, LLC, and
DISHNET SATELLITE BROADBAND, LLC,

    Defendants.

## ORDER CONCERNING MOTION FOR ATTORNEY FEES
## AND MOTION FOR REVIEW OF COSTS TAXATION

**Blackburn, J.**

This matter is before me on the following: (1) the **Defendants' Second Renewed Request Under Federal Rules 54(d)(2) for an Award of Attorney Fees Against Plaintiff Kathy King Pursuant to the Terms of the 2010 Retailer Agreement** [#303][1] filed October 27, 2017; and (2) the **Plaintiffs' Motion for Review of Clerk's Taxation of Costs [Dkt. 310]** [#313] filed November 21, 2017.  The parties filed concomitant responses [#306 & #314] and replies [#312 & #315]. I grant the motion for attorney fees in part and deny it in part.  I deny the motion for review of taxation of costs.

---

[1] "[#303]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

# I. BACKGROUND

The defendants, Dish Network Corporation, Dish Network, LLC, and Dishnet Satellite Broadband, LLC (collectively Dish) seek an award of attorney fees and costs against plaintiff Kathy King. In orders [#196, #220, #246] addressing the motions for summary judgment of Dish and a motion for reconsideration, I granted summary judgment in favor of Dish Network, LLC and against the plaintiffs / counterclaim defendants, Ms. King and Digital Satellite Connections LLC (DSC), on the breach of contract counterclaim of Dish. In addition, I entered orders requiring DSC and Ms. King to specifically perform certain obligations they have under a 2010 retailer agreement and trademark license agreement between Ms King and DSC, as retailers, and Dish Network LLC.

All the claims asserted by Ms. King against Dish were resolved in favor of Dish when I granted the motion for summary judgment of Dish as to each of the claims of the plaintiffs. *Order* [#196]. In addition, I granted summary judgment in favor of Dish as to each of the defenses and affirmative defenses asserted by Ms. King in response to the breach of contract counterclaim of Dish. Finally, Dish voluntarily dismissed all of its other counterclaims, leaving viable only its counterclaim for breach of contract. *Order* [#270]. Again, Dish obtained judgment against Ms. King on its breach of contract counterclaim.

Ms. King and DSC filed an appeal of the judgment against them. *Amended Notice of Appeal* [#276]. The United States Court of Appeals for the Tenth Circuit affirmed the judgment against Ms. King and DSC in all respects. *Order and Judgment* [#317].

The 2010 Retailer Agreement provides that in any suit between Dish and Ms. King, a "Retailer" under the terms of the agreement, to enforce the terms of the agreement, the prevailing party shall be entitled to recover its "costs, expenses and reasonable attorney fees":

> **17.11 Attorneys' Fees.** In the event of any suit, action or arbitration between Retailer and/or any of its Affiliates, on the one hand, and DISH and/or any of its Affiliates, on the other hand, including without limitation any and all suits, actions or arbitrations to enforce this Agreement, any Business Rules, any Promotional Program or any provisions hereof or thereof, subject to Section 15.3.3, the prevailing party shall be entitled to recover its costs, expenses and reasonable attorneys' fees, at arbitration, at trial and on appeal, in addition to (and without limitation of) all other sums allowed by law. The provisions of this Section 17.11 shall survive expiration or termination of this Agreement (for any reason or no reason) indefinitely.

*Werner Declaration* [#100 - filed under restriction], Exhibit 7 [#100-3 filed under restriction] (Retailer Agreement), ¶ 17.11. Under this provision, Dish now seeks to recover its reasonable attorney fees and costs.

## II. STANDARD OF REVIEW

The breach of contract claim of Dish is a claim under the laws of the state of Colorado. Therefore, Colorado law controls. In the absence of an express statute, court rule, or private contract to the contrary, attorney fees generally are not recoverable by the prevailing party in a contract or tort action. **Allstate Ins. Co. v. Huizar**, 52 P.3d 816, 818 (Colo. 2002) (**citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y**, 421 U.S. 240, 247, 95 (1975); **Bernhard v. Farmers Ins. Exch.**, 915 P.2d 1285, 1287 (Colo.1996); **Bunnett v. Smallwood**, 793 P.2d 157, 160 (Colo.1990)). The Colorado and federal standards for calculating reasonable attorney fees are essentially identical.

The starting point for any calculation is the "lodestar," that is, the number of hours

3

reasonably expended multiplied by a reasonable hourly rate.  *Payan v. Nash Finch Co.*, 310 P.3d 212, 217 (Colo. App. 2012);  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  In determining the reasonable number of hours spent on the litigation, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client.  *Hensley*, 461 U.S. at 437; *Malloy*, 73 F.3d at 1018.  A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 588 (Colo. App. 2000).  The "local market rate" is usually defined by the state or city in which the case is litigated. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998) (looking at "the prevailing market rates in the relevant community").

"In awarding attorney fees, the trial court may consider, among other factors, the amount in controversy, the duration of representation, the complexity of the case, the value of the legal services to the client, and the usage in the legal community concerning fees in similar cases.  No one of these factors is conclusive." *Melssen v. Auto-Owners Ins. Co.*, 285 P.3d 328, 339 (Colo. App.,2012) (citation omitted).[2]  "The party requesting an award of attorney fees bears the burden of proving by a preponderance of the evidence its entitlement to such an award." *American Water*

---

[2] Rule 1.5 of the Colorado Rules of Professional Conduct provides a similar list of factors.  "The factors to be considered in determining the reasonableness of a fee include the following:(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;(3) the fee customarily charged in the locality for similar legal services;(4) the amount involved and the results obtained;(5) the time limitations imposed by the client or by the circumstances;(6) the nature and length of the professional relationship with the client;(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and(8) whether the fee is fixed or contingent."

*Development, Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994).

### III.  ATTORNEY FEES

Ms. King never has filed a response addressing the substance of the request for an award of attorney fees of Dish.  Dish filed its first motion for attorney fees [#285] on April 7, 2017.  Ms. King filed a motion for discovery [#290] concerning attorney fees and to stay all discovery and response deadlines concerning the motion for attorney fees.  No stay was granted,and Ms. King never filed a response to the first motion for attorney fees [#285].  The appeal of the plaintiffs was pending when the first motion for attorney fees was filed.

Dish filed its second motion for attorney fees [#303] "out of an abundance of caution."  *Motion* [#303], p. 2 n. 1.  The second motion requests relief identical to the relief sought in the first motion [#285].  The caution of Dish was born of some confusion about when final judgment entered in this case.  In her response [#306] to the present motion for attorney fees, Ms. King does not address the substance of the motion.  Rather, she claims the current motion for attorney fees is not timely and should be denied on that basis.  I disagree.  The docket of this case demonstrates clearly that Dish has been both persistent and timely in seeking an award of attorney fees.

#### A. Prevailing Party

Dish defended successfully against all of the claims Ms. King asserted against Dish.  In addition, Dish was successful on its breach of contract claim against Ms. King.  With that success, Dish obtained essentially all of the relief it sought in each and all of its counterclaims.  The claims of Ms. King and the counterclaims of Dish all arose under the Retailer Agreement or the closely related trademark license agreement or involved claims and issues closely tied to those agreements.  Without question, Dish is the

5

prevailing party in this lawsuit.

## B. Reasonable Number of Hours

This case was filed in March 2013. Throughout its long history, this case was particularly contentious. The case involved extensive motion practice and numerous discovery disputes. The case was litigated heavily up to the eve of trial, which was set for November 3, 2014. That trial was vacated and continued without date. Ultimately, all claims were resolved on dispositive motions.

In its motion for attorney fees, Dish seeks an award of attorney fees from the inception of this case through and including the summary judgment decisions of the court and the entry of an order for specific performance. *Motion* [#303-1], Declaration of Erik C. Kane [#303-1], p. 1. In that period of time, counsel for Dish says a total of 6,660.30 hours of attorney and support staff time were billed to Dish. *Id*. Ms. King has not asserted any basis to conclude that this number of hours is unreasonable in the context of this case. I have reviewed the billing records of counsel for dish [#302 - filed under restriction]. I find that the number of hours billed by counsel for Dish is reasonable, given the nature of this litigation. I note that Dish is not seeking an award of attorney fees for substantial amounts of work performed after the summary judgment and specific performance orders were issued in this case. To the extent there may be hours billed unreasonably in the billing statements of record, the fact that Dish does not seek attorney fees beyond the order granting specific performance provides some cushion which mitigates any such error.

Dish seeks to recover attorney fees for time spent responding to proceedings Ms. King initiated in the U.S. Trademark office and time spent adjudicating a UDRP arbitration regarding the domain names at issue under the Retailer agreement and

6

related trademark license agreement. *Motion* [#303], p. 6. These proceedings fall within the scope of the attorney fees provision of the Retailer Agreement because these proceedings involve a "suit, action or arbitration . . . ." *Retailer Agreement,* ¶ 17.11. Thus, recovery of fees for these hours by Dish is proper.

C. Reasonable Hourly Rate

The Retailer Agreement, an agreement written by Dish, includes a provision that provides that the venue for any lawsuit concerning a dispute between the parties shall be the United States District Court for the District of Colorado or the appropriate state court located in the City and County of Denver, Colorado. *Retailer Agreement*, ¶ 15.5. Of course, this lawsuit was litigated in the United States District Court for the District of Colorado. Given these circumstances, a reasonable hourly rate is determined by examining the prevailing market rate in the Denver area for attorneys of similar experience.

Dish contends this case would affect its interests not only in Colorado, where the case was pending, but nationwide. That fact, Dish contends, merits its use of highly specialized intellectual property counsel. *Motion* [#303-1], Declaration of Erik C. Kane [#303-1], p. 5. The attorneys whose work is reflected on the billing statements of counsel for Dish are located in Washington DC and New York City. Generally, hourly rates for highly skilled attorneys are higher in those cities than they are in Denver.

I disagree that this case had a tenor with such nationwide import that the relevant reasonable hourly rate is the prevailing market rate in Washington DC or New York City. Primarily, this case involved questions about the rights of the parties under two contracts, the Retailer Agreement and the related trademark license agreement. Essentially, this case was a fairly complex commercial contract dispute between Dish

and one of its retailers.  No doubt, there were overlays of trademark law, but, compared to the contract issues, the trademark overlays were relatively minor.  Thus, I find and conclude that a reasonable hourly rate must be determined based on the prevailing market rate for the type of legal work at issue in the relevant market of Denver, Colorado.

The time period covered in the billing statements of counsel for Dish is 2013 to 2016.  During that time period, the prevailing Denver market rate for high level attorneys in a complex business disputes was in the range of 550 to 580 dollars per hour.  During that time period, the prevailing Denver market rate for attorneys with a high level of education, but fewer years of experience as an attorney, and addressing complex business disputes, was in the range of 280 to 350 dollars per hour.

The billing statements of counsel for Dish reflect many hours billed by attorneys with a fairly high level of experience at hourly rates from 630 to 895 dollars per hour. Similarly, attorneys with a high level of education but fewer years of experience as an attorney are billed at relatively high rates when compared to the Denver market rate. Rather than parse the education and experience of each Dish attorney and the hourly rate of each Dish attorney, I find and conclude that an overall 30 percent discount of the hourly rates proposed by Dish reflects the prevailing market rate for the type of legal work at issue in the relevant market, Denver, Colorado.

A court assessing a motion for reasonable attorney fees need not parse and evaluate every individual billing entry and determine the amount of a reasonable award down to the last penny.  **See Fox v. Vice**, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.

8

So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."); **Malloy v. Monahan**, 73 F.3d 1012, 1018 (10th Cir. 1996) ("[T]he district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation.") (citation and internal quotation marks omitted).

### D. Lodestar Figure & Conclusion

Counsel for Dish reasonably billed 6,660.30 hours to Dish in relation to this case. Applying the hourly rates reflected in the billing statements of counsel for Dish, those hours result in a total fee of 3,553,153 dollars. To reflect a reasonable hourly rate in the relevant market, Denver, Colorado, I find and conclude that this total figure must be reduced by 30 percent. Applying that reduction, I find that a reasonable attorney fee is 2,487,207 dollars. I find that this lodestar figure is reasonable. Thus, I find that I need not consider other factors in determining reasonable attorney fees.

### IV. COSTS

Counsel for Dish says they billed 184,757.52 dollars in disbursements for costs including, but not limited to, expert witness fees, deposition expenses, local counsel fees, travel expenses, research services, and copies. Ms. King does not address costs in her response [#306] to the motion for attorney fees. However, in the **Plaintiffs' Motion for Review of Clerk's Taxation of Costs [Dkt. 310]** [#313], Ms. King and DSC challenge the **Bill of Costs** [#310] filed by the clerk of the court taxing costs against Ms. King and DSC. I address that motion below.

Concerning costs sought by Dish against Ms. King under ¶ 17.11 of the Retailer Agreement, I find and conclude that the costs documented by Dish are reasonable in

the context of this litigation. Those costs are documented in an attachment to the motion for attorney fees. *Motion* [#303], Declaration of Erik C. Kane [#303-1], Exhibit 2 [#302-1 - #302-9]. Those costs total 184,757.52 dollars.

In the **Plaintiffs' Motion for Review of Clerk's Taxation of Costs [Dkt. 310]** [#313], Ms. King and DSC contend the clerk of the court improperly awarded costs against DSC. DSC claims Dish is not a prevailing party as to DSC because Dish did not prevail on any counterclaims against DSC. However, all of the claims of DSC against Dish were dismissed with prejudice. Further, DSC was ordered to specifically perform various obligations that are at the heart of this case. *Order* [#246]. Without doubt, Dish was a prevailing party as against DSC. Thus, it was proper to award costs against DSC.

Ms. King and DSC also contend that costs for some transcripts were awarded improperly under 28 U.S.C. § 1920(2) & (4) because those transcripts were not necessarily obtained for use in the case. Most of the transcripts in question are transcripts of hearings before the magistrate judge when he provided legal authority and direction to the parties. Dish contends these transcripts were the best record of the direction and orders of the magistrate judge. I agree. The transcripts for which costs were awarded by the clerk were reasonably necessary to the litigation of this case.

Ms. King and DSC contend Dish did not demonstrate that certain costs it expended in searching and retrieving certain documents properly may be awarded as costs under § 1920(4) or that these costs were reasonably necessary to the litigation of this case. The documents at issue are documents relating to the Kathy King's identity, certified copies of corporate records for both the corporate plaintiff and Dish, the, and official copies of historical versions of the plaintiffs' website, all of which

10

were listed on DISH Network' trial exhibit list.  The cost of searching for and obtaining these documents was reasonably necessary to the litigation of this case and properly awarded as costs under § 1920.

In the **Plaintiffs' Motion for Review of Clerk's Taxation of Costs [Dkt. 310]** [#313], the plaintiffs do not present any valid challenge to the costs awarded to Dish in the **Bill of Costs** [#310].  Therefore, this motion is denied.

### V.  CONCLUSION & ORDERS

Based on the nature and extent of this litigation and the applicable law concerning attorney fees, Dish is entitled to an award of reasonable attorney fees of 2,487, 207 dollars.  Under ¶ 17.11 of the Retailer Agreement, Dish is entitled to an award of reasonable costs in the amount of 184,757.52 dollars.  Dish is awarded these attorney fees and costs, and plaintiff Kathy King is ordered to pay these amounts to dish.

In addition, the **Bill of Costs** [#310] filed by the clerk of the court taxing costs against plaintiffs Kathy King and Digital Satellite Connections, LLC is correct.  Costs taxed in the **Bill of Costs** [#310] total 10,607.59 dollars.  Kathy King and Digital Satellite Connections, LLC are ordered to pay that amount to Dish.  To the extent costs taxed in the **Bill of Costs** [#310] duplicate costs documented in the motion for attorney fees, Kathy King and Digital Satellite Connections, LLC need pay such costs to Dish only once.  The **Plaintiffs' Motion for Review of Clerk's Taxation of Costs [Dkt. 310]** [#313] is denied

**THEREFORE, IT IS ORDERED**

1. That the **Defendants' Second Renewed Request Under Federal Rules 54(d)(2) for an Award of Attorney Fees Against Plaintiff Kathy King Pursuant to**

the Terms of the 2010 Retailer Agreement** [#303] is granted in part;

    2. That Dish Network Corporation, Dish Network, LLC, and Dishnet Satellite Broadband, LLC, are awarded reasonable attorney fees in the amount of 2,487, 207 dollars;

    3. That Dish Network Corporation, Dish Network, LLC, and Dishnet Satellite Broadband, LLC, are awarded reasonable costs in the amount of 184,757.52 dollars;

    4. That the attorney fees and costs specified in paragraphs two (2) and three (3) above, are payable to Dish Network Corporation, Dish Network, LLC, and Dishnet Satellite Broadband, LLC by plaintiff Kathy King;

    5. That otherwise, the **Defendants' Second Renewed Request Under Federal Rules 54(d)(2) for an Award of Attorney Fees Against Plaintiff Kathy King Pursuant to the Terms of the 2010 Retailer Agreement** [#303] is denied;

    6. That the **Plaintiffs' Motion for Review of Clerk's Taxation of Costs [Dkt. 310]** [#313] is denied;

    7. That Kathy King and Digital Satellite Connections, LLC are ordered to pay the costs taxed in the **Bill of Costs** [#310], 10,607.59 dollars, to Dish Network Corporation, Dish Network, LLC, Dishnet Satellite Broadband, LLC; and

    8. That to the extent costs taxed in the **Bill of Costs** [#310] duplicate costs documented in the motion for attorney fees [#303], Kathy King and Digital Satellite Connections, LLC need pay such costs only once.

    Dated September 26, 2018, at Denver, Colorado.

                                        **BY THE COURT:**

                                        *[signature]*
                                        Robert E. Blackburn
                                        United States District Judge